# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO McCRAY, | CASE NO. 1:05-CV-00044-REC-SMS-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| WCC/GEO, et al., | |
| Defendants. | |

I.  Screening Order

    A.  Screening Requirement

Plaintiff Lorenzo McCray ("plaintiff") is proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.[1] Plaintiff filed this action on January 10, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

///

---

[1] Plaintiff alleges that this suit is brought pursuant to 42 U.S.C. § 1983. However, section 1983 applies to actions or omissions by state actors. Because Taft Correctional Institution, where the events at issue allegedly occurred, houses federal prisoners via a contract with the Bureau of Prisons, which is a federal agency, plaintiff's suit is properly brought via a Bivens action, not a section 1983 action.

[2] Although plaintiff is no longer incarcerated, plaintiff was a prisoner when he filed this action.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B. Plaintiff's Claims

The events at issue in this action allegedly occurred at Taft Correctional Institution (TCI), where plaintiff was incarcerated at the time. Plaintiff names Warden Raymond D. Andrews, WCC/GEO, Doctor Johnathan E. Akanno, Registered Nurse Janet Sterling, and Registered Nurse Margaret Minnecci as defendants. Plaintiff is seeking monetary damages and injunctive relief. However, because plaintiff is no longer incarcerated, his claim for injunctive relief is moot. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

#### 1. Eighth Amendment Claims

##### a. Failure to Warn Plaintiff About Valley Fever

In his complaint, plaintiff alleges that defendants Andrews and WCC/GEO violated his rights under the Eighth Amendment by failing to warn him of the presence of valley fever at TCI in 1998 and 1999. Plaintiff subsequently came down with valley fever and eventually had to be transferred to another institution for medical treatment. Plaintiff alleges that when he returned to TCI on December 23, 2003, he was warned to stay indoors on windy days due to the presence of valley fever. Plaintiff further alleges that on February 24, 2004, pamphlets about valley fever were handed out and left on a table in the medical department, and that on May 26, 2004, a memo concerning valley fever was placed in all A4 units of TCI. Plaintiff alleges that one of the brochures issued by

the American Lung Association states that avoidance is best for newcomers who are black, Mexican, or Filipino. Plaintiff alleges that he is black, and that if he had known of the threat of valley fever when he first arrived at TCI, he could have requested a transfer elsewhere.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's allegations do not support a claim that defendants Andrews and WCC-GEO "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan,

511 U.S. at 837.³  At most, plaintiff's allegations might support a claim of negligence, which is an insufficient basis upon which to impose liability for violation of the Eighth Amendment.

### b. Fall From Bunk

Plaintiff alleges that on January 29, 2002, he fell from his upper bunk, which had no guard rails, and injured his right knee, lower back, and head. After his fall, plaintiff was provided with a bed with guard rails. Plaintiff alleges that defendants Andrews and Akanno knew he was seriously ill and are liable for failing to provide him with a bed with guard rails.

Plaintiff's allegations, at most, suggest a claim based on negligence. Negligence is insufficient to support a claim made pursuant to Bivens that plaintiff's Eighth Amendment rights were violated. Because plaintiff has not alleged any facts that would support a claim that defendants Andrews and Akanno "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety," Farmer v. Brennan, 511 U.S. at 837, plaintiff fails to state a claim upon which relief may be granted for violation of the Eighth Amendment.

### 2. Equal Protection Claim

Plaintiff alleges that defendants Sterling and Minnecci violated his right to equal protection of the law when they made a degrading remark about him. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts,

---

³ In any event, plaintiff's Bivens claim against WCC/GEO fails as a matter of law because plaintiff may not recover damages against a private corporation. Correctional Serv. Corp. v. Malesko, 534 U.S. 61, 63 (2001) (declining to extend Bivens damages action to allow for recovery against private corporation).

not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Defendant Minnecci's alleged remark to defendant Sterling that the reason the EKG patch they were trying to apply would not stick to plaintiff's chest was because plaintiff was black and needed a bath, while offensive, is not grounds upon which to impose liability on defendants for violating the Equal Protection Clause. Plaintiff has not alleged any facts that would support a claim that he was intentionally discriminated against by defendants on the basis of his race, in violation of his constitutional rights.

C. Conclusion

The court finds that plaintiff's complaint does not contain any claims for relief that are cognizable under Bivens. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

In his amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under <u>Bivens</u>;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state any claims upon which relief may be granted under <u>Bivens</u>.

IT IS SO ORDERED.

**Dated:   August 2, 2005**               /s/ Sandra M. Snyder
icido3                                         UNITED STATES MAGISTRATE JUDGE